UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilyn G.,[1] | ) |
|     Plaintiff, | ) No. 22-cv-5373 |
| v. | ) |
| | ) Magistrate Judge Keri L. Holleb Hotaling |
| MARTIN J. O'MALLEY, Commissioner of the Social Security Administration,[2] | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marilyn G. appeals the denial of her application for supplemental security income by the Commissioner of the Social Security Administration ("Commissioner"). For the reasons set forth below, Plaintiff's motion for summary judgment (Dkt. 17)[3] is GRANTED; Defendant's motion for summary judgment (Dkt. 18) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**I.  BACKGROUND**

    **A.  Procedural History**

Plaintiff's previous 2017 application for supplemental security income ("SSI") was denied on May 30, 2019; Plaintiff did not further challenge the ensuing Appeals Council ("AC") denial of her request for review of that decision. (Administrative Record ("R.") 23.) On April 16, 2020,

---

[1]  In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]  On December 23, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration; pursuant to Federal Rule of Civil Procedure 25(d)(1), he is substituted as the proper defendant for this action.

[3]  The Court construes Plaintiff's Brief in Support of Motion for Summary Judgment (Dkt. 17) as a motion for summary judgment.

Plaintiff again applied for SSI. In that application, she alleged disability beginning on January 1, 2018. (R. 359-67.) That application was denied initially and upon reconsideration. (R. 217-36, 239-61.) Following an Administrative Hearing, an Administrative Law Judge ("ALJ") issued an October 27, 2021 decision that Plaintiff was not disabled. (R. 14-29.) On July 8, 2022, the AC denied Plaintiff's request for review (R. 1-4), rendering the ALJ's decision the final decision of the Commissioner, reviewable by the district court under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2004). On September 30, 2022, Plaintiff filed this lawsuit seeking review of the ALJ's decision (Dkt. 1); the case was reassigned to the initial case load of Magistrate Judge Keri L. Holleb Hotaling when she assumed the federal bench on August 10, 2023 (Dkt. 21).

      **B.**    **Social Security Regulations and Standard of Review**

Pursuant to the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1). To determine whether a claimant is disabled, an ALJ must apply a sequential five-step test. *See* 20 C.F.R. § 416.920(a)(4).

Judicial review of the ALJ's decision is confined to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002); *see also* 42 U.S.C. § 405(g). The Court does not try the case *de novo* or supplant the ALJ's findings with the Court's assessment of the evidence, *Young v. Barnhart*, , 1001 (7th Cir. 2004); *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000), but the Court must "review the entire record," *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020), and remand "if the ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Steele,* 290 F.3d at 940. The ALJ "need not specifically address every piece of evidence

2

but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023).

### C. The ALJ's Decision

In her October 26, 2021 decision, the ALJ followed the standard five-step sequential process for determining disability. (R. 14-29.) At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application, April 16, 2020. (R. 17.) At Step 2, the ALJ found that Plaintiff had severe impairments of: cervical and lumbar degenerative disc disease; asthma; right elbow osteoarthritis; right upper extremity carpal tunnel syndrome; fibromyalgia; and obesity. (R. 17-20.) The ALJ found that "all other impairments" that might be "alleged or found in the record," were "non-severe or not medically determinable." (R. 17.) At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 20-22.)

Before Step 4, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except: occasionally climb, balance on uneven terrain, stoop, kneel, twist, crouch, or crawl; avoid more than occasional concentrated exposure to extreme heat, extreme cold, fumes, dusts, odors, gases, or similar pulmonary irritants; and frequently reach, handle, and finger with the dominant right upper extremity." (R. 22.) The ALJ noted that the RFC was intended to accommodate Plaintiff's "pain, limited range of motion, breathing difficulties, and fatigue resulting from [her] spinal, joint, respiratory, and rheumatic conditions." (R. 27.) At Step 4, the ALJ found Plaintiff had no past relevant work. (R. 27.) At Step 5, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff would be able to perform. (R. 27-28.) The ALJ found Plaintiff not disabled under the Act as to her April 16, 2020 SSI application. (R. 29.)

**II.     ANALYSIS**

Plaintiff challenges the ALJ's decision on the ground that the ALJ did not build the required logical bridge between Plaintiff's fatigue and the RFC she formulated purportedly in part to accommodate that fatigue. (Dkt. 17 at 11-13.) The Court agrees.

The evidence shows that fatigue was one of Plaintiff's common complaints in her medical appointments. (Dkt. 17 at 12-13.) Indeed, the ALJ accepted that Plaintiff experienced fatigue because of her serious impairments (*see* R. 17, 18) and expressly indicated her intent to account for Plaintiff's fatigue, among other symptoms, within the RFC. (R. 27.) The Commissioner defends the ALJ's decision by insisting in conclusory fashion that the ALJ "explained that she accommodated [P]laintiff's complaints of fatigue" in the RFC. (Dkt. 19 at 10.) But, although the Court can trace how the RFC is meant to account for some of Plaintiff's symptoms (like limitations on reaching, handling, and fingering with Plaintiff's dominant right upper extremity to accommodate Plaintiff's right arm impairments), the Court cannot discern how the ALJ accommodated Plaintiff's fatigue in the limited light work RFC.

An ALJ need not always explicitly link a claimant's RFC with each symptom to be addressed. An RFC might, for example, obviously address a particular claimant's fatigue symptoms. *See Matthews v. Saul*, 833 F. App'x. 432, 436-38 (7th Cir. 2020) (concluding that ALJ reasonably accommodated daytime fatigue with RFC limitations concerning workplace hazards and driving, rather than off-task time, where ALJ considered and rejected claimant's testimony regarding daytime sleep and that rejection was supported by substantial evidence); *Smith v. Astrue*, No. 07-cv-0955, 2008 WL 794518, at *2, 10 (E.D. Wis. Mar. 24, 2008) (finding, where plaintiff testified that normal daily activities included "watch[ing] TV, read[ing], and la[ying] down," that limiting plaintiff to sedentary work with a sit-stand option accounted for his particular complaints of fatigue, weakness, and dizziness). That said, where a claimant has "documented issues with

4

fatigue," an ALJ must "fulsomely 'discuss [the claimant's] fatigue and how it might affect her job performance.'" *See Rebecca A. v. Kijakazi*, No. 21-cv-3185, 2022 WL 16856394, at *3 (N.D. Ill. Nov. 10, 2022) ("Merely acknowledging Plaintiff's fatigue without analysis is insufficient.") (collecting cases). Limiting a claimant to light work without "explain[ing] how the demands of light work are consistent with Plaintiff's demonstrated impairments" is "an error that requires remand." *Collins v. Berryhill*, No. 17-cv-3589, 2018 WL 3361847, at *3 (N.D. Ill. July 10, 2018).

Here, the ALJ expressly noted that Plaintiff's "statements regarding the intensity, persistence and limiting effects of [her alleged] symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record" (R. 23) but also accepted that Plaintiff experienced fatigue (R. 27) without describing it. Thus, the ALJ neither identified the particular symptoms of Plaintiff's fatigue the RFC was intended to address nor pinpointed how the limited light work RFC would address Plaintiff's fatigue. This renders the resulting light RFC unsupported by substantial evidence and "requires remand." *Collins*, 2018 WL 3361847, at *3; *see also Monika B. v. Saul*, No. 20-cv-638, 2020 WL 7626685, at *6 (N.D. Ill. Dec. 22, 2020) (noting that, where the ALJ "discredited the plaintiff's claims about fatigue" but "made no specific determinations about [her] fatigue, like, for example, how frequently she napped," the court was "unable to trace how the plaintiff's symptoms of fatigue were accommodated by sedentary, postural, and environmental limitations"); *Kenneth P. v. Saul*, No. 18-cv-3346, 2019 WL 4958245, at *7 (N.D. Ill. Oct. 8, 2019) ("The ALJ additionally failed to explain how sedentary limitations could accommodate [plaintiff's] issues with balance and fatigue[.]"); *Thompson v. Berryhill*, No. 2:18-cv-63-JEM, 2019 WL 632189, at *3 (N.D. Ind. Feb. 14, 2019) ("Because the ALJ offers no explanation of how the RFC accommodates Plaintiff's fatigue, the RFC is not supported by substantial evidence."); *Lopez v. Berryhill*, 340 F. Supp. 3d 696, 701 (N.D. Ill. 2018) ("[T]he ALJ seemed to accept that [claimant] suffered fatigue and sleepiness during the day because she said

5

that her residual functional capacity finding was 'sufficient to address claims of fatigue[,]'" but "[o]ne can only guess why that is.").

The Court also cannot say that the error was necessarily harmless because, after identifying jobs that a person with Plaintiff's RFC, age, experience, and education might do, the vocational expert testified "[o]ff task is allowable up to 15 percent of the workday" and being "off task 15 percent or more will preclude [work] altogether." (R. 178.) Without the missing link regarding Plaintiff's fatigue and how the RFC addresses it, there is no way to determine whether Plaintiff's fatigue might implicate that testimony. *Hildebrand v. Saul*, No. 2:17-cv-108-JPK, 2021 WL 1085605, at *6 (N.D. Ind. Mar. 22, 2021) (noting that, where plaintiff testified without dispute she needed to sleep during the day and vocational expert testified that off-task time could preclude full-time work, ALJ needed to address those issues on remand).

The ALJ must minimally link Plaintiff's symptoms with the RFC she drafts, with reference to the record, so that the Court can connect the dots between her conclusions and the evidence. The foregoing should not be construed as an indication the Court believes that Plaintiff is disabled or should be awarded benefits. The Court leaves those issues to be determined by the Commissioner after further proceedings. Given the Court's remand on the above grounds, the Court does not reach the other issues Plaintiff raises on appeal. On remand, the ALJ is encouraged to consider those issues.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 17) is granted, and the Commissioner's motion (Dkt. 18) is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED: February 27, 2024

                                              Hon. Keri L. Holleb Hotaling,
                                              United States Magistrate Judge